IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–01683-EWN-PAC

CLOYDE LEWIS,

    Plaintiff,

v.

RITE OF PASSAGE, INC.,

    Defendant.

---

# ORDER

---

This is an employment discrimination case. The facts and procedural history of the case are discussed at length in my March 10, 2006 Order and Memorandum of Decision concerning Defendant's motions for summary judgment. (Order and Mem. of Decision [filed Mar. 10, 2006] [hereinafter "Order"].) Familiarity therewith is thus assumed. This matter comes before the court on "Plaintiff's Motion for Review of Bill of Costs," filed April 5, 2006.

## FACTS

On August 16, 2004, Plaintiff filed an initial complaint in this court, in which he asserted a claim for discriminatory termination under the Uniformed Services Employment and Re-employment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq.* (2006). (Compl. and Jury Demand [filed Aug. 16, 2004].) On February 15, 2005, Plaintiff filed an amended complaint, in which he asserted a claim for denial of due process in violation of 42 U.S.C. § 1983 ("section

1983") in addition to his USERRA claim. (Am. Compl. and Jury Demand [filed Feb. 15, 2005] [hereinafter "Am. Compl."].)

On March 18, 2005, Defendant filed a motion for summary judgment on Plaintiff's section 1983 claim. (Def.'s Mot. for Summ. J. on 42 U.S.C. § 1983 Claim [filed Mar. 18, 2005] [hereinafter "Def.'s § 1983 Mot."].) On April 18, 2005, Defendant filed a motion for summary judgment on all of Plaintiff's claims, in which it briefed arguments on Plaintiff's USERRA claim and incorporated by reference its arguments on Plaintiff's section 1983 claim contained in Defendant's March 18, 2005 motion for summary judgment. (Def.'s Mot. for Summ. J. on All Claims, and Alternatively, to Limit Damages [filed Apr. 18, 2005] [hereinafter "Def.'s All Claims Mot."].) On March 10, 2006, I granted Defendant's motions for summary judgment. (Order.) On March 14, 2006, pursuant to my Order, the clerk of this court entered a final judgment in favor of Defendant and against Plaintiff and dismissed the action with prejudice. (Final J. [filed Mar 14, 2006].) Neither my Order nor the final judgment addressed taxation of costs. (*Id.*; Order.)

On March 17, 2006, Defendant filed a proposed bill of costs. (Bill of Costs [filed Mar. 17, 2006] [hereinafter "Proposed Bill"].) Defendant sought recovery of $3,851.30, comprising $255.60 in fees for exemplification and copies of papers necessarily obtained for use in the case and $3,595.70 in costs incident to taking depositions. (*Id.*) Specifically, Defendant sought costs as follows:

> (1) exemplification and copy fees of $63.00 for the March 18, 2005 motion for summary judgment on Plaintiff's section 1983 claim and $48.60 for the May 5, 2005 reply brief in support of same;
> (2) exemplification and copy fees of $96.30 for the April 18, 2005 motion for summary judgement on all claims and $47.70 for the June 10, 2005 reply brief in

support of same;
(3) costs of $1,163.65 for the November 18, 2004 deposition of Plaintiff;
(4) costs of $302.40 for the January 4, 2005 deposition of Kent Moe;
(5) costs of $543.90 for the January 5, 2005 depositions of Paul Brylewski and Michael Rudnick;
(6) costs of $341.65 for the March 1, 2005 depositions of Kent Moe and Sandra McEwen;
(7) costs of $1,244.10 for the March 15, 2005 depositions of Plaintiff and Debi Westmoreland.

(*Id.* at 1, Ex. 1 [Deposition Invoices]; Pl.'s Mot. for Review of Bill of Costs at 5 [filed Apr. 4, 2006] [hereinafter "Pl.'s Br."].)[1] On March 29, 2006, the parties appeared before the clerk of this court for a conference concerning taxation of costs. After the conference, the clerk taxed $1,981.45 in costs against Plaintiff. (Bill of Costs [filed Mar. 29, 2006] [hereinafter "Bill"].) This figure represented the sum of:

(1) all of the exemplification and copy costs in connection with the section 1983 summary judgment motion, totaling $111.60;
(2) one half of the exemplification and copy costs in connection with the motion for summary judgment on all claims, totaling $72.00; and
(3) one half of the total deposition costs, totaling $1,797.85.

(*Id.*; Pl.'s Br. at 5; Def.'s Resp. at 2.)

On April 4, 2006, Plaintiff filed the motion for review of costs presently before the court. (Pl.'s Br.) Plaintiff argues that: (1) the clerk had no authority to tax costs in this case; and (2) even if the clerk had authority, taxation of costs in this case is expressly prohibited by the USERRA statute. (*Id.*) On April 10, 2006, Defendant responded to Plaintiff's motion, countering that Defendant is entitled to the costs incurred in connection with preparing and filing

---

[1]Defendant presents and substantiates the foregoing itemization with regard to the deposition costs, but provides no such itemization of the exemplification and copy fees. (Proposed Bill.) Because the sum of the itemized figures is correct and because Defendant does not contest Plaintiff's description, I accept the itemization of the exemplification and copy fees contained in Plaintiff's motion presently before the court. (Pl.'s Br. at 5.)

its motion for summary judgment on Plaintiff's section 1983 claim. (Def.'s Resp. to Pl.'s Mot. for Review of Bill of Costs [filed Apr. 10, 2006] [hereinafter "Def.'s Resp."].) On April 25, 2006, Plaintiff filed a reply in support of his motion. (Pl.'s Reply in Supp. of Mot. for Review of Bill of Costs [filed Apr. 25, 2006] [hereinafter "Pl.'s Reply"].)

## ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Costs that may be taxed include: (1) court reporter's fees for depositions necessarily obtained for use in the case; and (2) fees for exemplification and copies of papers necessarily obtained for use in the case. 28 U.S.C. § 1920 (2006). The party seeking costs bears the burden of establishing "the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248–49 (10th Cir. 2002). Once the clerk of court has made a decision regarding the taxation of costs, "'the party objecting to the clerk's taxation has the burden of persuading the court that it was improper.'" *BDT Prods. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (quoting 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2679 [3d ed. 1998]). I address Plaintiff's arguments in turn.

First, Plaintiff extrapolates that because neither my Order nor the final judgment specified that Defendant was entitled to costs, Defendant is not so entitled and the clerk of court exceeded his authority by taxing same. (Pl.'s Br. at 6–7.) Perhaps channeling the philosophy of Martin Heidegger, Plaintiff essentially argues that the court spoke by being silent. I disagree, at least

with Plaintiff, and offer a tautological truism — by its silence on the matter, the court was silent. I remind Plaintiff that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1) (2006). In its silence, the court did not make any direction, let alone a direction that Defendant is not entitled to costs.[2]

Plaintiff's second argument is more availing. Plaintiff asserts that USERRA expressly prohibits taxation of costs against a party bringing claims thereunder and argues taxation of costs is thus inappropriate in this case, in keeping with Rule 54(d)(1) as set forth above. (Pl.'s Br. at 7–8; Pl.'s Reply at 2–3.) Plaintiff is partially correct. USERRA indeed provides that "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter." 38 U.S.C. § 4323(h)(1) (2006). Nonetheless, Plaintiff's argument overlooks the fact that he asserted claims arising under both USERRA and section 1983. (*See* Am. Compl.) Importantly, "USERRA does not bar the taxing of costs for claims other than those established by [] USERRA." *Chance v. Dallas County Hosp. Dist.*, 176 F.3d 294, 296 (5th Cir. 1999);[3] *see also*

---

[2]Moreover, "it is well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Cantrell v. Int'l Bhd. of Elec. Workers, Local 2021*, 69 F.3d 456, 458–59 (10th Cir. 1995).

[3]Precedent on the matter is markedly sparse, but I find the Fifth Circuit's reasoning in *Chance* to be persuasive. The Fifth Circuit opined that had Congress intended an USERRA plaintiff to avoid all costs on all claims, it would have drafted the statute to manifest that intention. *Chance*, 176 F.3d at 296. After all, "[t]he Supreme Court has 'stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says.'" *Hain v. Mullin*, 436 F.3d 1168, 1171 (10th Cir. 2006) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 [1992]). As is relevant to the instant case, "Congress could have penned the pertinent provision to read: No fees or court costs may be charged or taxed against any person claiming rights under this chapter, *even if additional rights simultaneously are claimed*." *Chance*, 176 F.3d at 296–97 (emphasis in original).

*Brinkley v. Dialysis Clinic, Inc.*, No. 1:04cv184–MHT, 2006 U.S. Dist. LEXIS 9511 at *2, *6 (M.D. Ala. Mar. 1, 2006) (disallowing costs incurred in connection with USERRA claim, taxing costs incurred in connection with race-discrimination claim); *Key v. Hearst Corp.*, 963 F. Supp. 283, 290 (S.D.N.Y. 1997) (taxing costs against an USERRA plaintiff whose complaint included a state military law claim, a breach of contract claim, and other federal anti-discrimination claims, but not discussing USERRA cost issue).  Accordingly, I find that taxation of the costs Defendant incurred in connection with its motion for summary judgment on Plaintiff's section 1983 claim is appropriate.

Having qualitatively determined that Defendant is entitled to costs incurred in connection with Plaintiff's section 1983 claim, I turn to the quantitative analysis of the precise amount to which Defendant is entitled.  Defendant argues that the clerk properly apportioned costs to reflect those incurred in connection with the section 1983 claim and asks this court to affirm the clerk's bill.  (Def.'s Resp. at 5.)  Given the particulars of the instant case, this issue merits close analysis.  First, in keeping with the tenor of this court's decision, there can be no doubt that Defendant is entitled to the exemplification and copy fees it incurred in moving for summary judgment on Plaintiff's section 1983 claim.  These costs are wholly and plainly separate from any costs incurred in connection with Plaintiff's USERRA claim.  Accordingly, I find that Defendant is entitled to the $111.60 that the clerk taxed against Plaintiff, comprising $63.00 and $48.60 for the summary judgment motion and reply brief, respectively.  (*See* Bill; Pl.'s Br. at 5.)

The remaining costs require more focused attention.  As set forth in detail above, Defendant sought $144.00 in exemplification and copy fees connected to its motion for summary judgment on all claims and $3,595.70 in deposition costs.  (Proposed Bill.)  The clerk awarded

Defendant half of said costs. (Bill.) Defendant argues that the award is proper, because: (1) a prevailing party ought to be able to obtain "at least a portion of costs, where nothing in the statute precludes recovery of costs;" and (2) Defendant relied on the discovery taken prior to Plaintiff's amendment of his complaint in drafting its motion for summary judgment on Plaintiff's section 1983 claim. (Def.'s Resp. at 1, 5.)

The lack of specificity and legal authority in Defendant's arguments renders them rather unhelpful in analyzing the exemplification and copy fees.[4] To the extent Defendant argues it is entitled to half of the costs incurred in connection with its motion for summary judgment on all of Plaintiff's claims because the section 1983 claim serves as half of the claims contemplated in the motion, I must disagree. I re-emphasize that in its motion for summary judgment on all claims Defendant expressly incorporated by reference and briefly summarized the arguments contained in its section 1983 summary judgment motion. (Def.'s All Claims Mot. at 11–14; Order at 10.) Although Defendant styled its motion as concerning all of Plaintiff's claims, substantially the only claim Defendant briefed therein was the USERRA claim.[5] (Def.'s All Claims Mot. at 8–11.) Consequently, I cannot find that taxation of exemplification and copy costs incurred in connection with Defendant's motion for summary judgment on all of Plaintiff's claims is appropriate. I find that Defendant is not entitled to any portion of the $144.00 it sought in such costs.

Turning to the deposition costs, a brief review of the sequence of events in this case

---

[4]Neither party to this action cites the *Chance*, *Brinkley*, or *Key* cases described above. Defendant states that "it could not find any cases directly on point." (Def.'s Resp. at 4.)

[5]In Defendant's own words, "This subject has been discussed at length in the previous motion directed to [sic] Plaintiff's § 1983 claim. Little more needs to be added." (Def.'s Reply Br. in Supp. of Mot. for Summ. J. on All Claims, and Alternatively, to Limit Damages [filed June 10, 2005].)

unravels any apparent complexities.   Plaintiff did not amend his complaint to add the section 1983 claim until February 15, 2005 — six months after filing his initial complaint — at which point significant discovery had been made. (Compl.; Am. Compl.)  To wit, Defendant deposed: (1) Plaintiff on November 18, 2004; (2) Kent Moe on January 4, 2005; and (3) Paul Brylewski and Michael Rudnick on January 5, 2005.  (Proposed Bill, Ex. 1 [Invoices].)  Although Defendant may have relied on information it obtained in these depositions in moving for summary judgment on Plaintiff's section 1983 claim, the fact that the depositions predate the section 1983 claim necessarily indicates that Defendant did not depose the individuals or incur deposition costs in connection with said claim.  I find that Defendant incurred the November 18, 2004, January 4, 2005, and January 5, 2005 deposition costs in connection with Plaintiff's USERRA claim — the only claim in existence at the time Defendant deposed the individuals.  Therefore, the aforementioned deposition costs may not be taxed in whole or in part against Plaintiff.

Finally, after Plaintiff amended his complaint, Defendant took additional depositions of four individuals: (1) Kent Moe and Sandra McEwen on March 1, 2005; and (2) Plaintiff and Debi Westmoreland on March 15, 2005.  (Proposed Bill, Ex. 1 [Invoices].)  Perhaps in an attempt to preserve or suggest arguments, Plaintiff expressly notes that the former two depositions resulted from continuances Defendant scheduled on January 10, 2005, before Plaintiff amended his complaint.  (Pl.'s Br. at 2.)  Plaintiff notes further that Defendant announced its intentions to take the latter depositions because of: (1) affirmative defenses Defendant intended to raise based on after-acquired evidence; and (2) Plaintiff's amendment to his complaint.  (*Id.* at 3.)  Defendant offers no direct response to Plaintiff's assertions.  (Def.'s Resp.)  Here, I note that depositions "taken solely for discovery are not taxable as costs." *Furr v. AT&T Techs., Inc.*, 824 F.2d 1537,

1550 (10th Cir. 1987) (citation and internal quotation marks omitted). Costs may be taxed only as to those depositions "reasonably necessary to the litigation of the case." *Id.* (citation and internal quotation marks omitted). When deposition testimony is introduced into evidence, it is proper to conclude that the deposition was necessarily obtained for use in the case, and costs thereof are taxable. *Id.*

Turning to the depositions themselves, I re-emphasize that as the party seeking costs, Defendant is burdened with establishing "the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden." *Allison*, 289 F.3d at 1248–49. Here, Defendant contends, blithely and without basis, that it is entitled to one half of the deposition costs incurred — the clerk's award in this case. (Def.'s Resp. at 2.) Defendant offers neither argument nor evidence to establish any reason it is entitled to the costs incurred in connection with Plaintiff's March 15, 2005 deposition or the March 1, 2005 Moe deposition. (Def.'s Resp.) Moreover, I note that Defendant did not cite either of these depositions in its motion for summary judgment on Plaintiff's section 1983 claim or reply brief in support thereof. (Def.'s Reply Br. in Supp. of Mot. for Summ. J. on 42 U.S.C. § 1983 Claim [filed May 5, 2005] [hereinafter "Def.'s § 1983 Reply"].) Defendant's failure to establish entitlement and failure to rely on the depositions in moving for summary judgment lead this court to conclude that Plaintiff's March 15, 2005 deposition and the March 1, 2005 Moe deposition were taken solely for discovery. Accordingly, the costs relating thereto are not taxable against Plaintiff.

In stark contrast, it is undisputed that Defendant relied upon the March 15, 2005 Westmoreland deposition in its reply brief supporting its motion for summary judgment on

Plaintiff's section 1983 claim.[6] (Pl.'s Br. at 3; Def.'s § 1983 Reply, Ex. 6 [3/15/05 Westmoreland Dep.].) Additionally, I note that Defendant cited the March 1, 2005 McEwen deposition in its section 1983 summary judgment reply brief. (Def.'s § 1983 Reply, Ex. 3 [3/1/05 McEwen Dep.].) Consequently, I find that: (1) these two depositions were necessarily obtained for use in connection with Defendant's case regarding Plaintiff's section 1983 claim; and (2) Defendant's costs incurred in connection with these depositions are taxable against Plaintiff.

Complicating matters somewhat, the taxable costs for the March 1, 2005 McEwen deposition and March 15, 2005 Westmoreland deposition are intertwined with certain non-taxable costs. Specifically, the invoice that sets forth the costs incurred in connection with the McEwen deposition also details the non-taxable costs incurred in connection with the Moe deposition taken on the same date. (Proposed Bill, Ex. 1 at 2 [3/1/05 Invoice].) Similarly, the invoice delineating the Westmoreland deposition costs also details the costs of Plaintiff's March 15, 2005 deposition. (*Id.*, Ex. 1 at 1 [3/15/05 Invoice].) On the invoices, the service costs for the four depositions are set forth individually, but the costs of exhibits, processing, and delivery are combined. (*Id.*, Ex. 1 at 1, 2 [3/15/05 Invoice, 3/1/05 Invoice].) Given the nature of the invoices before the court, I find that Defendant is entitled to the individual service costs for the Westmoreland and McEwen depositions and half of the additional combined costs. Accordingly, Defendant is entitled to $93.60 for the McEwen deposition service costs and one half of the $87.85 in combined costs ($43.93), totaling $137.53. (*Id.*, Ex. 1 at 2 [3/1/05 Invoice].) Defendant is also entitled to

---

[6]Defendant also cited the March 15, 2005 Westmoreland deposition in its motion for summary judgment on all of Plaintiff's claims in order to support Defendant's: (1) argument for limitation of damages; and (2) recitation of its arguments contained in its section 1983 summary judgment motion. (Def.'s All Claims Mot. at 11, 15.) Defendant did not cite the deposition to support its arguments on Plaintiff's USERRA claim.

$486.45 for the Westmoreland deposition service costs and one half of the $333.30 in combined costs ($166.65), totaling $653.10.  (*Id.*, Ex. 1 at 1 [3/15/05 Invoice]).

In short, Defendant is entitled to costs totaling $902.23.  This amount represents: (1) $111.60 in exemplification and copy fees in connection with Defendant's section 1983 motion for summary judgment and reply brief in support thereof; (2) $790.63 in costs for depositions necessary to support the motion.

Based on the foregoing it is therefore ORDERED as follows:

1. Plaintiff's motion for review of bill of costs (# 59) is GRANTED in part and DENIED in part.  The motion is GRANTED as to any costs taxed arising out of Plaintiff's USERRA claim and DENIED in all other respects.

2. Defendant is awarded costs incurred in connection with its motion for summary judgment on Plaintiff's section 1983 claim in an amount totaling $902.23.

Dated this 3rd day of November, 2006.

                                                    BY THE COURT:

                                                    s/ Edward W. Nottingham
                                                    EDWARD W. NOTTINGHAM
                                                    United States District Judge